IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | : :  : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:13-CV-1991-RWS |
| CROWN VENTURES ENTERPRISES, INC. d/b/a WINSTON CHURCHILLS, | : : : : : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on Defendant's Motion to Set Aside Entry of Default [11]. After considering the record, the Court enters the following Order.

## **Background**

This case arises out of Defendant's alleged unlicensed interception and screening of a boxing match to which Plaintiff had exclusive broadcast rights on May 7, 2011. On June 14, 2013, Plaintiff J & J Sports Productions, Inc., a California corporation with its principal place of business in California, filed this action against Defendant Crown Ventures Enterprises, Inc., a Georgia

corporation. Plaintiff alleges that Defendant, doing business as Sir Winston Churchills, violated the Communications Act of 1934 and the Cable and Television Consumer Protection and Competition Act of 1992 by screening the fight at its establishment in Atlanta. (Compl., Dkt. [1].)

Plaintiff hired Atlanta Legal Services on June 17, 2013, to serve Defendant through its registered agent, Jayantilal Bhavan. (Letter, Dkt. [12-1].) Plaintiff states that the process server, Berhane Tassaw, attempted service at Mr. Bhavan's home address on June 25 and again on June 28, but left door tags each time when nobody answered the door. (Tassaw Affidavit, Dkt. [12-2].) Mr. Tassaw states in his affidavit that Mr. Bhavan called him on June 28 and authorized him to serve Mr. Bhavan's mother at his home address. (Id.) According to Plaintiff, on July 1 Mr. Tassaw attempted service again, but Mr. Bhavan's mother, Dhaniben Patel, did not want to open the door and instead instructed him to leave the summons and complaint by the door. (Id.) Plaintiff executed a Return of Service [6] on July 8.

Defendant paints a very different version of events, alleging that Mr. Bhavan never authorized Ms. Patel, who is neither employed nor affiliated with the corporation in any way, to accept service on behalf of himself as the

2

...

corporation's registered agent. (Bhavan Affidavit, Dkt. [11-1] ¶¶ 6-7.) Mr. Bhavan asserts that Ms. Patel never told him that she personally received the summons and complaint, nor did she refuse to open the door for anyone on July 1, 2013. (Id. ¶ 8.) He further states that Ms. Patel is 89 years old and does not speak or read English. (Id. ¶ 5.) Mr. Bhavan only became aware of the summons and complaint on July 15, 2013. When no answer was filed by the July 22 due date, Plaintiff moved for entry of default, which the Clerk entered on July 26. (Dkt. [7].) Defendant filed its Motion to Set Aside Entry of Default [11] on August 5, 2013, arguing that service of process was defective.

## Discussion

Under Rule 55(c), the Court may set aside a default for "good cause." Fed. R. Civ. P. 55(c). In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1480 (N.D. Ga. 1997). Courts have also considered "whether the defaulting party acted promptly to correct the default." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88

3

F.3d 948, 951 (11th Cir. 1996). "Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." Id. "Where service of process is insufficient, the entry of default is void and must be set aside." Insituform Tech., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citing Varnes v. Local 91, Glass Bottle Blowers Ass'n, 674 F.2d 1365, 1368 (11th Cir. 1982)).

Given that there appears to be a genuine issue of fact as to whether service of process was proper, and because setting aside default would not prejudice Plaintiff, the Court finds that good cause exists to set aside default and allow the case to proceed on its merits. Moreover, Defendant acted promptly by filing its motion within ten days of the entry of default and within three weeks of the date Mr. Bhavan claims he discovered the summons. Therefore, Defendant's Motion to Set Aside Entry of Default [11] is **GRANTED**.

## Conclusion

In accordance with the foregoing, Defendant's Motion to Set Aside Entry of Default [11] is **GRANTED**.

4

**SO ORDERED**, this   20th   day of December, 2013.


_____
**RICHARD W. STORY**
United States District Judge